UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AARON PAUL HORTON and,
SUZANNE M. HORTON

       Plaintiffs,                                Case No. 1:12-CV-365

v.

                                                          HON. GORDON J. QUIST

AURORA BANK FSB, *et al.*,

       Defendants.
_____/

## OPINION GRANTING MOTION TO DISMISS

      Plaintiffs, Aaron and Suzanne Horton, filed a six-count complaint against eight entities and other "unknown defendants."  It is unclear why the Hortons have filed a complaint against some of the Defendants, but it appears the Hortons are attempting to "throw the book" at any entity that had anything to do with their mortgage and the foreclosure on their property.  On March 7, 2012, one day before the Hortons' redemption period expired, the Hortons filed their complaint in state court.  Defendants removed the complaint to this Court.  The Hortons' six-count complaint alleges: wrongful foreclosure for failure to comply with various provisions of Michigan's foreclosure statute (Count I); quiet title (Count II); slander of title (Count III); unfair deceptive business practices (Count IV); intentional infliction of emotional distress (Count V), and breach of the duty to negotiate in good faith (Count VI).

      On May 21, 2012, pursuant to Fed. R. Civ. P. 12(b)(6), Defendants filed a Motion to Dismiss.  (Docket no. 14.)  The Hortons did not file a response.  Given the lack of factual support in the complaint and the clarity of the legal issues, the Court does not find oral argument necessary. For the reasons discussed below, Defendants' motion will be granted and the complaint will be dismissed.

## I. BACKGROUND

The following factual background comes from the allegations in the Hortons' complaint and the attached exhibits.[1]

In January 2007, the Hortons purchased the property located at 6572 March Road, Plainwell, Michigan (the "Property"). To purchase the Property, the Hortons executed a promissory note with Defendant Lehman FSB, in exchange for a loan in the amount of $148,000. The Hortons granted a mortgage to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as nominee for the lender and the lender's successors and assigns. The mortgage was recorded on January 31, 2007, with the Barry County Register of Deeds. (Compl. Ex. 2 at 1 (docket no. 1-2 at 21).) MERS assigned the mortgage to Defendant Aurora Loan Services LLC (Aurora), and the assignment was recorded with the Barry County Register of Deeds. (Docket no. 14-4 at 2.)

The Hortons defaulted on their loan. On or around August 12, 2010, Aurora initiated foreclosure by advertisement proceedings on the Property. On September 8, 2011, Aurora foreclosed on the Property and a Sheriff's Deed was recorded on September 22, 2011, with the Barry County Register of Deeds. (Compl. Ex. 3, Sheriff's Deed.)

One day before the redemption period expired, on March 7, 2012, the Hortons filed the instant lawsuit.

## II. MOTION STANDARD

A complaint may be dismissed for failure to state a claim if it fails to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007). While a complaint need not contain detailed factual

---

[1] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts recognize an exception for "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quotation omitted).
   The complaint itself is very scant with facts. The attached exhibits and public records, however, provide important facts that were not included in the written complaint.

allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949.

### III. ANALYSIS

**A.     Wrongful Foreclosure**

Defendants argue that the Hortons lack standing to challenge the foreclosure proceedings now that the six-month redemption period has expired. "If the mortgagor does not redeem the property within the requisite period, the purchaser of the sheriff's deed is vested with 'all the right, title, and interest' in the property." *Awad v. GMAC*, No. 302692, 2012 WL 1415166, at *2 (Mich. Ct. App. Apr. 24, 2012) (per curiam) (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514, 517 (1942)). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement . . . in the absence of a clear showing of fraud, or irregularity." *Id.* (quotation omitted). "The *Piotrowski* standard has consistently been applied by Michigan state and federal courts to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period." *Snell v. Wells Fargo Bank*, No. 11-cv-12018, 2012 WL 1048576, at *2 (E.D. Mich. Mar. 28, 2012) (citing cases). Moreover, the filing of a lawsuit prior to the expiration of the redemption period is insufficient to toll the redemption period. *See Awad*, 2012 WL 1415166, at *4.

Thus, since the Hortons' redemption period has expired, the Hortons cannot challenge the foreclosure unless they make a clear showing of fraud or irregularity in the foreclosure process. Counts I, II, III, and VI, in some form or another, seek to set aside the foreclosure by attempting to allege fraud or irregularities in the foreclosure process.

    1.    <u>Violation of M.C.L. § 600.3204(1)(c)</u>

The Hortons first allege that their mortgage, which contained the power of sale for the Property, had not been properly recorded, in violation of M.C.L. § 600.3204(1)(c). (Compl. ¶ 27.) M.C.L. § 600.3204(1)(c) states that a party may not foreclose a mortgage by advertisement unless "[t]he mortgage containing the power of sale has been properly recorded." M.C.L. § 600.3204(1)(c).

First, the Hortons' legal conclusion that the mortgage containing the power of sale was not properly recorded is not supported by any facts. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65. There are a plethora of ways in which a mortgage could be improperly recorded, but the Hortons do not name one.

Second, the mortgage, which was attached to the complaint, has a stamp that indicates it was received by the Barry County Register of Deeds on January 31, 2007. (Compl. Ex. B.) The Hortons do not give any reason why the mortgage was improperly recorded. Therefore, the Hortons' allegation that Defendants violated M.C.L. § 600.3204(1)(c) will be dismissed because it is refuted by the complaint itself and is lacking any factual support.

    2.    <u>Violation of M.C.L. § 600.3204(1)(d)</u>

The Hortons allege that their foreclosure violated M.C.L. § 600.3204(1)(d) because neither MERS, Lehman FSB, nor Aurora owned the indebtedness, owned an interest in the indebtedness, or were the servicing agents. (Compl. ¶ 28.) M.C.L. § 600.3204(1)(d) requires that "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." M.C.L. § 600.3204(1)(d).

4

The Hortons' allegation of a violation of M.C.L. § 600.3204(1)(d) is dismissed because Michigan Courts have published cases – which were published before the Hortons filed their complaint – that unequivocally refute their allegations. Aurora, the foreclosing party, had an interest in the indebtedness. When MERS assigned the mortgage to Aurora, the mortgage was recorded with the Barry County Register of Deeds. (Docket no. 14-4 at 2; Compl. Ex. 3, Sheriff's Deed.) Hence, Aurora was the record holder of the Hortons' mortgage. The Michigan Supreme Court recently clarified that a record chain of title holder satisfies the requirements of M.C.L. § 600.3204(1)(d).

> [A]s record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness–i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness–authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d).

*Residential Funding Co., v. Saurman*, 490 Mich. 909, 909, 805 N.W.2d 183, 183 (2011). Thus, Aurora, as record holder of the mortgage, satisfied M.C.L. § 600.3204(1)(d) because it had an interest in the indebtedness. Therefore, the Hortons' conclusory allegation that Defendants violated M.C.L. § 600.3204(1)(d) will be dismissed because it does not state a claim for which relief can be granted.

3. <u>Violation of M.C.L. § 600.3204(3)</u>

The next allegation is that the foreclosure on the Hortons' mortgage violated M.C.L. § 600.3204(3). M.C.L. § 600.3204(3) states that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L. § 600.3204(3).

The Hortons' allegation is dismissed because it is refuted by the complaint and public records. MERS obtained the mortgage from the Hortons. (Compl. ¶ 18 & Ex. 2.) The mortgage

5

indicates that it was recorded with the Barry County Register of Deeds. (Compl. Ex. 2.) Next, MERS assigned the mortgage to Aurora, which was also recorded with the Barry County Register of Deeds. (Docket no. 14-4 at 2; Compl. Ex. 3, Sheriff's Deed.) Therefore, even though Aurora was not the original mortgagee, a record chain of title exists that evidences the assignment of the mortgage from MERS to Aurora. Thus, Defendants did not violate M.C.L. § 600.3204(3).

   4.  <u>Violation of M.C.L. § 600.3220</u>

The Hortons allege that the foreclosure violated M.C.L. § 600.3220. (Compl. ¶ 30.) They allege that some defendant adjourned the originally scheduled Sheriff's sale from December 16, 2010, to September 8, 2011, without properly posting or publishing the required notices of adjournment of the Sheriff's sale. (*Id.*)

Predictably, the Hortons do not support their conclusory allegations with any facts. Was the adjournment improper because Defendants did not put the correct information in the notices? Was the adjournment not timely posted? Or was the adjournment insufficient for some other reason? Of course, the complaint leaves Defendants and this Court guessing. The Hortons' conclusory allegations that Defendants violated M.C.L. § 600.3220 are dismissed because they are not supported by facts. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65.

Second, the Hortons' allegations are refuted by the complaint. Attached to the complaint is the Sheriff's Deed. (Compl. Ex. 3.) The Sheriff's Deed attests that all of Michigan's foreclosure by advertisement procedures were followed. As it pertains to this claim, the Sheriff's Deed states that the foreclosure was "[a]djourned from December 16, 2010 to September 8, 2011 by posting a notice of adjournment at the place of sale for Barry County, Michigan." (Compl. Ex. 3 at 1 (docket no. 1-2 at 38).) The Hortons do not allege how the notice of adjournment violated M.C.L. § 600.3220 and, therefore, the allegations will be dismissed.

Therefore, Counts I, II, and III will be dismissed because they are premised upon the four aforementioned alleged violations of Michigan's foreclosure by advertisement statute, which do not make a clear showing of fraud or an irregularity in the foreclosure proceedings. Thus, the Hortons do not have a right, title, or interest in the property because the redemption period is not tolled.

    5.  <u>Violation of Duty to Negotiate in Good Faith (Count V)</u>

Count V alleges that Defendants violated M.C.L. § 600.3205a, M.C.L. § 600.3205b, and "§ 129A of 15 U.S.C. § 1639A." (Compl. ¶ 60.) The Hortons allege that Defendants violated these provisions because Defendants refused to negotiate in good faith with the Hortons to modify their mortgage. More specifically, "Defendants responded to Plaintiffs' requests to negotiate and/or modify the subject loan with nothing more than cursory responses to and flat denials of Plaintiffs' good faith suggestions and offers." (Compl. ¶ 59.)

First, 15 U.S.C. § 1639A is not applicable. 15 U.S.C. § 1639A describes the duty that a servicer of residential mortgages owes to its own investors, not to its borrowers. *See, e.g., Yau v. Deutsche Bank Nat'l. Trust. Co. Ams.*, No. SACV 11-00006-JVS(RNSx), 2011 WL 5402393, at *11 n.10 (C.D. Cal. Nov. 8, 2011); *Jones v. Premier One Funding, Inc.*, No. C-09-3858 SC, 2010 WL 841277, at * 3 (N.D. Cal. Mar. 10, 2010).

Second, while Defendants' responses to the Hortons' requests may have been curt, according to the complaint, the responses were not inadequate. According to the complaint, the Hortons did not provide the requisite financial documents, *see* M.C.L. § 600.3205(b), to the designee. (Comp. Ex. 3, Sheriff's Deed at 5, ¶ 8.) Therefore, Defendants did not run afoul of M.C.L. § 600.3205a or § 600.3205b by not continuing to negotiate a modification with the Hortons.

Third, and as mentioned above, even though Defendants provided the Hortons with "cursory" responses, it does not mean that Defendants did not negotiate in good faith. No statute

7

requires a lengthy response if, for some reason or another, Defendants determined that the Hortons did not qualify for a loan modification.

Therefore, Count VI is dismissed because it does not state a claim upon which relief can be granted.

**B.     Unfair and Deceptive Business Practices (Count IV)**

In Count IV, the Hortons allege that Defendants engaged in unfair and deceptive business practices, in violation of the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901, *et seq*. Count IV is dismissed because it is the epitome of a claim which states conclusory legal allegations without any factual support. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Count IV incorporates all of the prior allegations in the complaint, but the allegations are still far too general to give Defendants or this Court notice of the grounds upon which Count IV rests. In addition, as already discussed, the prior allegations do not state a claim upon which relief can be granted.

**C.     Intentional Infliction of Emotional Distress (Count V)**

In Count V, the Hortons allege that one or more Defendants intentionally inflicted emotional distress on the Hortons. Count V is premised on the fact that one or more Defendants allegedly violated Michigan's foreclosure statute. Count V is dismissed because, as discussed above, the Hortons do not state a claim that any Defendant violated Michigan's foreclosure statute. In addition, Count V is dismissed because the Hortons do not allege sufficient facts to establish that Defendants engaged in extreme and outrageous conduct. *See Graham v. Ford*, 237 Mich. App. 670, 674, 604 N.W.2d 713, 716 (1999).

**D.     Defendants' Request for Attorneys Fees**

At the very end of Defendants' motion to dismiss, Defendants request costs and attorney's fees for having to defend this action. This request will be denied. For one, Defendants provide

neither legal authority nor argument for this Court to grant such an award at the instant posture. Second, Defendants have not provided the amount sought, hours worked, hourly fee for their counsel, or the prevailing rate in the legal community for similar services – all requisites for this Court to determine attorney's fees and costs. *See Ciaramitaro v. Unum Life Ins.*, No. 09-13492, 2012 WL 368373, at *4 (E.D. Mich. Feb. 3, 2012) ("Plaintiff has failed to provide the court with sufficient information to rule on her request for attorney's fees. Specifically, plaintiff has not advised the court as to the amount sought, nor provided any information as to the number of hours worked, the hourly fee counsel charges for his services, and the prevailing rate in the legal community for similar services.").

With that said, if the Hortons decide to pursue this lawsuit further, through an appeal or some other action before this Court, the Hortons should proceed with caution. As Defendants point out, most of the allegations set forth in the complaint are conclusory and are rebutted by other documents contained in the complaint or by public documents. In addition, the Hortons have not submitted, and the Court did not find, any legal support for the Hortons' allegations. Indeed, one citation was irrelevant to the case at hand.

### IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss will be granted and the Hortons' complaint will be dismissed.

A separate Order consistent with this Opinion will issue.


Dated: August 13, 2012                   /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE